ANGELL *v.* WAYNE CIRCUIT JUDGE.

APPEAL AND ERROR—EXTENSION OF TIME TO SETTLE BILL OF EXCEPTIONS.

> Where an order extending the time for settling a bill of exceptions to February 8th was validly entered during the 20-day period following the judgment, an order entered on February 15th further extending the time was within the discretion of the court, and, therefore, valid, so that the court had jurisdiction to settle the bill of exceptions within the period of said extension.

Mandamus by Florence Angell and others to compel William B. Brown, presiding circuit judge of Wayne county, to settle and sign a bill of exceptions. Submitted October 2, 1928. (Calendar No. 33,894.) Writ granted December 4, 1928.

*Ernest N. Papps,* for plaintiffs.

*Bresnahan & Groefsema,* for defendant.

McDONALD, J. The plaintiffs ask for a writ of mandamus to compel the defendant to settle and sign a bill of exceptions. In a certain cause tried in the circuit court for the county of Wayne, Michigan, judgment was entered against the plaintiffs on December 13, 1927. Within the 20-day period thereafter the stenographer's certificate was filed and an order entered extending the time for settling the bill of exceptions until February 8, 1928. On the 15th day of February the time was further extended to March 15, 1928. On the 10th of March a proposed bill of exceptions was presented to the defendant,

which he refused to settle for reasons stated in the order of denial, as follows:

"In this cause, the proposed bill of exceptions having been tendered to the court on the 10th day of March, A. D. 1928, for settlement, and it appearing to the court that the time in which to settle the bill of exceptions had theretofore expired, to wit, on the 9th day of February, 1928, and argument of counsel having been had and briefs having been filed, and the court having had the said motion for settlement of bill of exceptions under consideration, and being duly advised in the premises, the court having lost jurisdiction over the matter of appeal because of failure to have time extended.

"Now, therefore, on motion of Bresnahan & Groefsema, attorneys for contestants, it is ordered that said motion to settle said bill of exceptions be, and the same is hereby denied."

The court was wrong in holding that he had lost jurisdiction to settle the bill of exceptions. At the time the proposed bill was presented, on the 10th of March, there was an order in force and effect extending the time to March 15th. If an order extending the time had not been entered during the 20-day period following the judgment, the court would have lost jurisdiction. But such an order was regularly entered. Thereafter the matter of extension was in the discretion of the court. A further extension was granted, and, as the time had not expired when the bill was presented, it was the duty of the court to settle it.

If necessary, the writ will issue.

Fead, C. J., and North, Fellows, Wiest, Clark, Potter, and Sharpe, JJ., concurred.